United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51075
Summary Calendar

GORDON SIMMONDS,

Plaintiff-Appellant,

versus

GREG ABBOTT, Texas Attorney General,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-166
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges

PER CURIAM:[*]

Gordon Simmonds, Texas prisoner # 932489, filed a complaint in the district court against Greg Abbott, Attorney General of Texas, complaining that Texas Government Code § 498.045, pertaining to forfeiture of good conduct time for filing frivolous and malicious lawsuits, is an unconstitutional bill of attainder. The district court determined that Simmonds lack standing and dismissed the complaint without prejudice for lack of jurisdiction. Simmonds has appealed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The judicial power of the United States courts under Article III, § 2, of the Constitution extends only to cases and controversies "of the sort traditionally amenable to, and resolved by, the judicial process." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102 (1998). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." Id. To have standing, a plaintiff must suffer an injury in fact, that is, "a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." Id. at 103. "Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact." Whitmore v. Arkansas, 495 U.S. 149, 159 (1990) (quotation marks omitted).

Under the statute at issue, an inmate shall forfeit good conduct time if more than one lawsuit or habeas application is dismissed as frivolous or malicious. TEX. GOV'T CODE ANN. § 498.0045 (Vernon 2004). In his complaint, Simmonds contended only that the statute is an unlawful bill of attainder and that the defendant attorney general should be enjoined from enforcing the statute. In his motion to amend his complaint, Simmonds contended that he already has one prior lawsuit that was dismissed as frivolous. Simmonds contends that he did not file a lawsuit and decided not to appeal the dismissal of another lawsuit because he was concerned that the lawsuit and the appeal would be regarded as frivolous and that he would forfeit good conduct time as a result.

The acts necessary to make the complained of injury happen to Simmonds are at least partly within his own control.  See Luhan v. Defenders of Wildlife, 504 U.S. 555, 564 n.2 (1992).  In that circumstance, Simmonds must show that the threatened injury has a "high degree of immediacy."  See id.  Simmonds has not made such a showing.  Because amendment of the complaint would have been futile, Simmonds has not shown that the district court abused its discretion in denying his motion to amend.  See Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997).  The judgment is AFFIRMED.